**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SIMON RUIZ VALENCIA,

Petitioner,

v. Case No. 3:26-cv-2249-WWB-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus challenging his mandatory detention under 8 U.S.C. § 1225, and seeking, among other relief, release from custody. (Doc. 1).

Federal Respondents filed a Response (Doc. 6), with exhibits (Doc. Nos. 6-1 to 6-5). They acknowledge that pursuant to *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), Petitioner is detained under 8 U.S.C. § 1226(a). (Doc. 6 at 3). But because Petitioner received a bond hearing and did not appeal the immigration judge's custody determination, he has failed to exhaust his administrative remedies and thus this case should be dismissed. (*Id.* at 5). Although the Court provided Petitioner with an opportunity to reply, he declined to do so.

A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Exhaustion, however, is not a jurisdictional requirement. *Id.* at 474–75. In other words, a court need not inquire into exhaustion on its own and a court has the

discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. *Id.* at 475. Indeed, exhaustion in the § 2241 context can be excused. *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (in § 2241 appeal, explaining that "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action" (internal quotation marks and alteration omitted)).

As a preliminary matter, Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-cv-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))). Second, as to any request for a bond hearing, the Eleventh Circuit decided in *Hernandez Alvarez* over four months before Petitioner filed this case. Although Petitioner received a bond redetermination hearing, during which the immigration judge denied bond, Petitioner did not appeal that denial to the Board of Immigration Appeals ("**BIA**"). Thus, Petitioner has not yet exhausted his administrative remedies, and he does not demonstrate that seeking an appeal with the BIA would be futile or otherwise unavailable. As such, it is premature for the Court to reach the constitutional questions presented in the Petition. *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (finding a § 2241 petitioner should have exhausted his administrative remedies by appealing an adverse bond determination to the BIA before asking the federal court to review the IJ's bond decision); *Bogle v. DuBois*, 236 F. Supp.

3d 820, 823 (S.D.N.Y. 2017) (dismissing § 2241 petition that raised due process violation in connection with a bond hearing for petitioner's failure to exhaust the issue by appealing to the BIA).

This case is also distinguishable from cases in which this Court has found it unnecessary for petitioners to exhaust claims that they were improperly classified as "arriving aliens" under 8 U.S.C. § 1225(b)(2) and denied bond hearings. *See, e.g.*, *Jaimes-Martinez v. Warden, Baker Cnty. Det.*, No. 3:26-cv -138-WWB-LLL, Doc. 23 (M.D. Fla. Sept. 15, 2026). In that case, BIA precedent—binding on IJs—foreclosed the possibility of any relief for that petitioner. *Id.* at 2 n.2. Those are not the facts before the Court here. As a result, the Petition is dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 8) is **DENIED as moot**.
3. The Clerk shall enter judgment dismissing the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 24, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Simon Ruiz Valencia, A240391362
Counsel of record